JERRY S. BUSBY
Nevada Bar #001107
POOJA KUMAR
Nevada Bar #012988
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
pkumar@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BONITA ANN LEEK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. d/b/a/ SMITH'S, a foreign corporation; DOE SMITH'S EMPLOYEES I through X; DOE JANITORS 1-10; DOE MAINTAINERS 1-10; DOES I through X, inclusive; ROE JANITORIAL SERVICES 1-10; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00095-APG-BNW<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |

The current Initial Expert Disclosure deadline in this case is January 15, 2024.[1] The Parties have agreed to a modest, thirty-day extension of discovery deadlines to facilitate Defendant SMITH'S expert's availability to complete a report pursuant to FRCP 26(a)(2)(B).

This is not a spinal injury case; instead, Plaintiff's medical treatment is complex in that she was hospitalized multiple times due to a possible allergic reaction she had to a drug she was taking following surgery to her right elbow. Because Plaintiff was hospitalized at multiple places for several days at a time, the medical records in this case are voluminous and highly technical. Given the complexity of the injuries alleged and the volume of medical records that must be reviewed, the demands of this case

---

[1] *See* ECF No. 15, at 4:8.

CLAC 7715471.1

require additional time. The Parties have been working amicably together to complete discovery and will take full advantage of this additional extension to conduct the discovery needed to get this case ready for trial, all while working together so as to avoid further Court intervention.

IT IS HEREBY STIPULATED by and between GENEVIEVE ROMAND, ESQ. of HENNESS & HAIGHT, as counsel for Plaintiff BONITA ANN LEEK (hereinafter "Plaintiff"), and POOJA KUMAR, ESQ. of the law firm COOPER LEVENSON, P.A., as counsel for Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "Defendant" or "SMITH'S"), that all discovery deadlines be extended by thirty (30) days, as set forth below, to allow the Parties to complete necessary discovery prior to trial.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The Parties participated in the Fed. R. Civ. P. 26(f) Conference;
2. Both Parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1);
3. Defendant is still in the process of collecting and reviewing all of Plaintiff's medical records;
4. Defendant served Interrogatories, Requests for Production, and Requests for Admissions upon Plaintiff;
5. Plaintiff served Interrogatories, Requests for Production, and Requests for Admissions upon Defendant;
6. Plaintiff responded to Interrogatories, Requests for Production, and Requests for Admissions;
7. The Parties have conducted a Rule 34 site inspection of the subject SMITH'S store; and
8. The Parties have engaged in and continue to engage in meaningful discussions regarding propounded and requested discovery.

A. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**.

1. Defendant will continue to collect and review Plaintiff's medical records;
2. Plaintiff will take the deposition of employee witnesses for the subject SMITH'S store;
3. Defendant will take Plaintiff's deposition;
4. Defendant will take the deposition of Plaintiff's daughter;

2

5. Both Parties will continue to deliver records to retained experts, potentially retain additional experts, and designate expert witnesses;

6. The Parties will conduct depositions of expert witnesses and Plaintiff's treating providers as necessary; and

7. The Parties will assess discovery to date to determine additional, follow-up discovery to complete once the above has been completed.

### B. REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE CURRENT DISCOVERY SCHEDULING ORDER

Plaintiff fractured her right shoulder and right elbow. She was hospitalized multiple times for a possible allergic reaction she had to a drug she took after the surgery to address her right elbow. At this time Plaintiff has $503,954.48 in medical expenses. The amount of the medical records from the surgery and hospitalizations is extreme. Defense counsel has two full Banker's Boxes for the records. The expert witnesses need more time to sift through the records in preparation for their reports.

Specifically, Defendant SMITH'S retained an expert to conduct a thorough review of all medical records to date, but unbeknownst to counsel for Defendant SMITH'S, the expert was unable to complete the review in time. For this reason, Defense counsel requested an agreement to extend discovery, which Plaintiff's counsel graciously agreed to.

For the reasons stated above, the Parties respectfully request that this Court grant them additional time to meaningfully and substantively complete necessary discovery.

### C. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued thirty (30) days from their present deadlines.

1. **Discovery Cut-Off Date:** The Parties jointly propose that the discovery cut-off date be extended thirty (30) days from its present deadline of March 15, 2024, to **April 15, 2024.**

2. **Amending the Pleadings and Adding Parties:** The Parties acknowledge that the deadline to amend pleadings and add parties has passed. As such, the Parties do not seek to extend this deadline.

3

CLAC 7715471.1

3. **Fed. R. Civ. P. 2(a)(2) Disclosures (Experts):** The Parties jointly propose that the initial expert disclosure deadline be extended thirty (30) days from its present deadline of January 15, 2024, to **February 14, 2024**; and that rebuttal expert disclosure be extended twenty-nine (29) days from its present deadline of February 14, 2024, to **March 14, 2024.**

4. **Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended thirty-one (31) days from its present deadline of April 12, 2024, to **May 13, 2024.**

5. **Pretrial Order:** The date for filing the joint pretrial order, which is currently set for May 13, 2024, be extended thirty (30) days to **June 12, 2024**. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:** Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The Parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

8. **Alternative Forms of Case Disposition:** The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

9. **Electronic Evidence:** The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in

CLAC 7715471.1

the Pre-Trial Order.

**10.  Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline.  Requests to extend discovery deadlines must comply fully with LR 26-3.

DATED this 11th day of January, 2024.

| HENNESS & HAIGHT | COOPER LEVENSON, P.A. |
|---|---|
| */s/ Genevieve Romand* <br> GENEVIEVE ROMAND, ESQ. <br> Nevada Bar No. 013235 <br> 8972 Spanish Ridge Avenue <br> Las Vegas, NV 89148 <br> (702) 862-8200 <br> Attorneys for Plaintiff <br> BONITA LEEK | */s/ Pooja Kumar* <br> JERRY S. BUSBY, ESQ. <br> Nevada Bar No. 001107 <br> POOJA KUMAR, ESQ. <br> Nevada Bar No. 012988 <br> 3016 West Charleston Boulevard - #195 <br> Las Vegas, Nevada 89102 <br> (702) 366-1125 <br> Attorneys for Defendant <br> SMITH'S FOOD & DRUG CENTERS, INC. |

**IT IS SO ORDERED** that the discovery deadlines are hereby extended as stated above.

_____
UNITED STATES MAGISTRATE JUDGE
DATED:  1/12/2024

CLAC 7715471.1

5